## F. W. Beardsley et al. v. Henry A. Brown et al.

1. MECHANIC'S LIENS—*Application of Section 24 of the Mechanic's Lien Act.*—Section 24 of the mechanic's lien law applies to a public school building, erected by a board of education, as such a building is within the description of a "public improvement," and a school board is within the general term "municipality."

2. SAME—*Lien Given by Section 24 of the Mechanic's Lien Act, Good Against an Assignment.*—The lien created by section 24 of the mechanic's lien act can not be deranged or displaced by an order given by the contractor on the fund, and an assignment or transfer thus attempted does not set aside the lien provided by the statute.

3. BONDS—*A Bond Given by a Building Contractor Construed.*—A bond given by a building contractor was conditioned upon the performance of the contract, and all the covenants and agreements therein contained and the payment of all liens. All claims of the obligee in the bond having been discharged, it was held that sub-contractors could make no claim under it.

**Bill of Interpleader.**—Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

J. H. MOFFETT & McQUISTON and A. J. BARR & MAYNE POLLOCK, attorneys for appellants.

KERRICK, SPENCER & BRACKEN, attorneys for appellees T. F. Harwood & Sons et al., complainants in cross-bill.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The Board of Education of Kickapoo Union School District, No. 22, etc., filed its bill in chancery alleging that it entered into a written contract with one H. A. Brown for the erection of a school house for said district at the price of $4,398 payable in five installments. A copy of the contract, which is very lengthy, was filed with the bill, but it is not necessary now to state its provisions in detail. It was alleged that said contractor having failed to complete the building according to the terms of the contract, the complainant took the matter out of his hands, pursuant to a provision of the contract, and completed the building, and that there still remained due said Brown a considerable sum of money, which complainant was ready and willing to pay to him or to the sub-contractors who were claiming it, some of them demanding priority over others. Wherefore the bill prayed that the said Brown and said sub-contractors should interplead in respect to said unpaid amount.

It was further alleged that when the written contract was entered into, said Brown gave a bond with sureties for the faithful performance of his said undertaking, and that complainant was ready to assign said bond for the benefit of the sub-contractors, if so required by the court.

The contractor and Mrs. H. A. Brown, who signed the contract with him, his sureties on the bond and his creditors, the sub-contractors, were all made parties to the bill.

Such proceedings were had that it was determined there remained in the hands of the complainant unpaid on said contract the sum of $1,189.13, and it was ordered that upon payment thereof complainant should be dismissed, its costs of the suit to be taxed and deducted from said fund. It was further ordered that the defendant creditors should interplead, and the cause was referred to the master to inquire and report in what way they were entitled to participate in the fund, which had been deposited in the custody of the court. The report of the master was subsequently presented, and this was followed by a decree finding the amount due each of the sub-contractors, the aggregate being

Beardsley v. Brown.

$3,095.96, leaving a deficit of $2,023.38 (which it was ordered should be paid into court by the contractor and Mrs. H. A. Brown who signed the contract with him), and it was ordered that the sub-contractors should share pro rata in the fund then in the custody of the court.

An appeal has been prosecuted by two of the sub-contractors, F. W. Beardsley and others, partners, as The Spaulding Lumber Company, and Meyers & Miller, who insisted below, and do now, upon a priority over the other sub-contractors in respect to said fund, because of certain orders given them by the contractor whereby the complainant was requested to pay the amounts due them out of any money payable to said contractor.

Section 24 of the lien law, provides that, " Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a public improvement in this State, shall have a lien on the money, bonds, or warrants due or to become due such contractor for such improvement. Provided, such person shall, before any payment or delivery thereof is made to such contractor, notify the officials of the State, county, township, city or municipality, whose duty it is to pay such contractor, of his claim by a written notice and the full particulars thereof. It shall be the duty of such officials so notified to withhold a sufficient amount to pay such claim until it is admitted, or by law established, and thereupon to pay the amount thereof to such person, and such payment shall be a credit on the contract price to be paid to such contractor. Any official violating the duty hereby imposed upon him shall be liable on his official bond to the person serving such notice, for the damages resulting from such violation, which may be recovered in an action at law in any court of competent jurisdiction. There shall be no preference between the persons serving such notice, but all shall be paid pro rata, in proportion to the amount due under their respective contracts."

Appellants first present the question whether a public school building erected by a board of education is within this section.

We are of opinion this question should receive an affirmative answer.   Such a building is within the description of a " public improvement," and a school board is within the general term, " municipality."

No sound reason upon grounds of public policy appears to the contrary.

The building itself is not subjected to the lien; only the fund appropriated for its construction.

The municipality is not held responsible for any disregard of the rights of lien holders; only the officials who violate the duty imposed by the statute.   Such a provision is beneficent in its operation, to the public, by inducing greater competition, and to those who furnish material or labor to the contractor by permitting them to participate in the fund set apart for the erection of the building.

It is insisted however by appellants that if the case be within the statute, still they have priority over the other sub-contractors (who, as well as appellants, gave the requisite notices of their claims pursuant to the quoted section) because of the orders given them by the contractor.

They urge that thereby an equitable assignment was effected in their favor, which should be recognized and protected.

The section provides: 1st. That any person furnishing material or labor to the contractor shall have a lien upon the money, bonds or warrants due or to become due the contractor for the improvement, provided the proper notice is given.   2d. There shall be no priority between persons serving such notices.   Comparison of this section with others of the act will show a clear purpose to give the sub-contractor a lien equal to that of the contractor in all respects.   The rights thus secured can not be deranged or displaced by an order given by the contractor on the fund. The assignment or transfer thus attempted can not set aside the lien provided by the statute.

It is familiar that an equitable assignment of a chose in action is subject to all equities against the assignor.   The assignee can occupy no position better than that of the assignor, and must take the thing assigned subject to all

the rights which third persons have in respect thereto as against the assignor.

We are of opinion the order for distribution pro rata was properly made.

It is assigned as a cross-error by the appellees that the court should have held the sureties on the contractor's bond for the amount of the deficit, and the case, The City of St. Louis v. Von Phul, 34 S. W. 843, is cited as authority for the position.

Waiving the question whether those sureties could be deprived of their right of trial by jury, and made to answer, if answerable, in this proceeding, we think the position assumed is untenable.

The condition of the bond is as follows:

"Now, if the said Henry A. Brown shall duly perform said contract and all the covenants and agreements therein contained, and shall pay and discharge from said premises all liens for material, labor or otherwise, which may accrue on account of said building contract, then this obligation to be null and void, otherwise to be and remain in full force."

So far as the obligee in the bond is concerned, the contractor is under no obligation.

There are no liens upon the premises, and indeed there could be none. The complainant has no cause of action against him in regard to the contract, and there is nothing for subrogation. The sub-contractors can have no remedy standing in the shoes of the complainant, because the complainant has not, and never had, any cause of action on the bond.

The sureties did not undertake to protect sub-contractors and their obligation can not be so extended. In the case cited, the condition of the bond expressly provided for payment to the proper parties of all amounts due for labor and materials used and employed in the performance of the contract, and that suit might be brought in the name of the obligee for the use of any material man, laboring man or mechanic for any breach of that condition. It was held in an action so brought that the bondsmen were liable to a

material man. The case is not in point. The plaintiff there was not seeking subrogation, but merely enforcing a right which the bond expressly gave him.

No other errors are assigned and the decree will be affirmed.